Roy Tuck
1600 E. Vista Way #85
Vista, CA 92084
Ph: 760-840-1551
captroy@fishnazi.com

Plaintiff In Pro Se

**FILED**

Aug 20 2025

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY   s/ armincortez   DEPUTY

# IN THE UNITED STATED DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROY TUCK,** [as an individual], <br><br> Plaintiff, <br><br> vs <br><br> **YELP, INC.** [A California Corporation], <br><br> Defendant. | Case No. **'25CV2155 JES  SBC** <br><br> **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF THE** <br><br> 1) TELEPHONE CONSUMER PRACTICES ACT (TCPA) **47 U.S.C. §227** *et. seq.* <br><br> 2) FAIR DEBT COLLECTION PRACTICES ACT **(FDCPA) 15 U.S.C. §1692** *et seq.* <br><br> 3) CALIFORNIA ROSENTHAL FAIR DEBT COLLECTIONS PRACTICES ACT (CRFDCPA) Civil Code **§1788** *et seq.* <br><br> **DEMAND FOR DECLARATORY RELIEF** <br> **DEMAND FOR JURY TRIAL** |

## COMPLAINT

COMES NOW, ROY TUCK, plaintiff In Pro Se in the above-entitled case as an individual hereby sues the above-named defendant YELP INC. [hereinafter YELP] and makes the following allegations and claims against YELP for strict federal statutory violations of:

1) The Telephone Communications Practices Act (TCPA) **47 U.S.C.§227** *et. seq*;

2) The Fair Debt Collection Practices Act (FDCPA) **15 U.S.C. §1692** *et seq.*;

3) The California Rosenthal Fair Debt Collections Practices Act (CRFDCPA) **C.C. §1788 et. Seq**.

## I. PRELIMINARY STATEMENT

1. Plaintiff ROY TUCK (hereinafter "TUCK") contends that defendant YELP has violated such laws by repeatedly harassing TUCK for the past several months with an <u>ongoing debt collection campaign</u> involving over [45] forty five illegally placed consumer collection calls and 8 consumer texts from YELP representatives from numerous office locations in over [15] fifteen different states, at all hours of the day, all illegal attempts to talk to TUCK about a non-existent or non-active Yelp business account which was accruing even more debt by the day, or, to discuss or collect on an alleged but <u>nonexistent consumer debt never owed by TUCK to YELP.</u>

2. Defendant YELP has a very lengthy decades long nationally reported <u>online history</u> of <u>coercing clients</u> into unknowingly signing up for YELP [or by clicking the wrong tab] and end up having to unknowingly be forced to pay for and to use Yelp business pages, effectively duping un-educated or <u>even curious clients asking about the services</u> nationally into unwanted auto pay contracts and more, YELP easily bilks thousands of unsuspecting vulnerable consumer's out of millions of dollars illegally across the United States and other countries every single year, by continuing to use their illegal aggressive harassing bill collection practices and ongoing illegal harassing calling barrage. <u>Yelp is the mafia of the internet</u>..

3. Defendant YELP uses harassment and the leverage/threat that they will place bogus unpaid consumer account's onto unsuspecting consumers credit reports. The time has come to unravel this national illegal activity by YELP who is constantly creating confusion amongst the consumer debt collection arena on a national level.
Most if not all of what they do is illegal on a statutory "federal" level.

4. <u>Consumers across America</u> are getting dooped by the thousands every day by YELP, YELP can put peoples companies out of business in short order with bogus "bad" YELP reviews, YELP does not conduct proper investigations or re-investigations on consumers written and emailed disputes or disputed consumer accounts, YELP does not cease and desist their collection activities after disputes have been waged, but instead increase their illegal consumer collection activities.

## II. JURISDICTION AND VENUE

5. Jurisdiction of this Court arises under 47 U.S.C.§227(b)(3) and also 15 U.S.C.§1692(k)(d). Defendant YELP conducts business in the state of California and is legally licensed to do so, therefore personal jurisdiction is established.

6. Venue is proper pursuant to 28 U.S.C.§1391b and California Civil Procedure §3959(a). Venue in this district is proper in that plaintiff TUCK resides in San Diego county, the defendant transact daily business here, and the conduct complained of occurred here.

7. This is an action for damages for $78,500 U.S. dollars.

## III. PARTIES

8. Plaintiff TUCK, is a native Californian born in Glendale, CA in 1959, and is a natural person.

9. Upon information and belief **YELP** is a *creditor providing credit accounts to consumers* all over the United States and beyond. Plaintiff upon internet information and belief believes Defendant YELP is authorized to do business in California and has it's corporate headquarters located at 140 New Montgomery Street, San Francisco, CA., 94105. Upon information and belief the registered *CEO is Jeremy Stoppelman*.

10. YELP is an entity which *professionally collects consumer debts* which among other activities, is a "*furnisher*" of negative consumer credit information directly to all three (3) national credit reporting agencies, (hereinafter "CRA'S") YELP is legally liable to TUCK, as set forth below and herein:

    a) Said Officers, directors or managing agents of YELP personally acted willfully with respect to the matters alleged in this Complaint;

    b. Said Officers, directors or managing agents of YELP personally authorized, approved of, adopted and/or ratified the illegal acts alleged herein, or the agents, servants, employees and/or joint ventures of defendants did so act;

    c. Said Officers, directors or managing agents of YELP personally participated in the acts alleged herein by the Plaintiff;

    d.    Said Officers, directors or managing agents of YELP, personally had close supervision of their agents, servants, employees and/or joint ventures of Defendants;

    e.    Said Officers, directors or managing agents of YELP personally were familiar with the facts regarding the matters alleged herein;

    f.    Said Officers, directors or managing agents of YELP **_personally failed to properly investigate and re-investigate the circumstances appertaining to the acts alleged herein_**. They also failed and refused to repudiate the herein alleged actions and failed to redress the harm done to plaintiff TUCK. Further, said Officers, directors, or managing agents of YELP failed and refused to punish or discharge the said agents, servants, employees and/or joint venturers of the Defendants. Plaintiff will seek leave to amend this Complaint to set forth the true names and capacities of the said named Defendant's as enumerated above, together with appropriate charging allegations, when learned.

    11.    Plaintiff is informed and believes, and thereon alleges that at all relevant times herein Defendant's YELP whether actually or fictitiously named, was the principal, joint venturer, agent, servant or employee of each other defendant, and in acting as such within the course, scope and authority of such relationship, took some part in acts and omissions hereinafter set forth, by reason of which each defendant is liable to plaintiff for the relief prayed for in this Complaint, and any future Amended Complaint. Further, plaintiff alleges that each act alleged herein, whether by named Defendant's or fictitiously named Defendant's or otherwise, was expressly authorized or ratified, as these terms are used in California Civil Code Section §3294(b), by each and every other Defendant's YELP herein, whether named or fictitiously named.

    12.    Defendant YELP hereto will be referred to as " a creditor of consumer credit lines" Defendant YELP is a consumer creditor which, among other activities, reports allegedly delinquent consumer debts to credit bureaus and is a "_furnisher" of negative consumer credit information to credit bureaus_.

///

## IV. FACTUAL ALLEGATIONS

13. Defendant YELP is a _creditor_ to _whomever they have established a business relationship with or provided services for which they can legally or illegally collect on._

14. Plaintiff TUCK alleges YELP is a California Corporation doing daily business with thousand of consumers nation-wide, YELP has been doing business for years in a number of online areas [i.e. reviews, advertising], one of which is being one of the largest professional _consumer debt collectors_ in the entire United States. Defendant YELP is presently attempting to collect a _consumer debt_, subject to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 _et seq._(FDCPA), due to the fact Defendant YELP **did not ever** at **anytime**, **ever** have **any** _established business relationship_ with Plaintiff TUCK.

15. TUCK alleges herein that he never _**at any time**_ gave YELP "_**Express Written Permission**_" to call his emergency cell phone number 1-760-840-1551 which TUCK pays T-Mobile locally [San Diego] for his CRT TREES business account.

16. YELP is presently harassing Plaintiff TUCK waging an ongoing weeks and months long campaign against Plaintiff TUCK all in the attempt to collect an alleged bogus consumer account/debt that **never belonged to Plaintiff TUCK**.

17. TUCK is a _consumer,_ as the _purported alleged debt_ is a _consumer debt_, from an _unknown person or entity, in the above entitled case that is YELP_.

18. YELP is an entity or a giant conglomerate California Corporation which is to date presently _attempting to collect an alleged bogus consumer debt_ from TUCK which TUCK **did not incur**, **ever**; which brings YELP well within the ambit of the California Rosenthal Fair Debt Collection Practices Act, California Civil Code §1788 _et seq._ ("RFDCPA") .

19. TUCK received the very first illegally placed very _first_ consumer collection call from Defendant YELP at 1:34pm. on June 12, 2025. When TUCK answered this **first illegally placed call**, YELP's employee/staff member explained to him that ["they" YELP] were looking for a past/present client of "theirs" who goes by the name of ROY TUCK, or, the present owner[s] of "Roy's Carpets". TUCK never owned any company named Roy's Carpets! ["they" the Defendant YELP's employee] went on to explain in

1  detail that TUCK["they" the Defendant YELP's employee] went on to explain in detail that TUCK
2  presently owed [that day] over $150 dollars and that this alleged debt would be accruing
3  interests and penalties as time went on [for non-payment] for past due YELP online
4  services. *Nothing could be further from the truth*.
5      20.   TUCK after asking the YELP representative how they got TUCK's emergency
6  cell phone number?, because "*this phone number YELP just called was his emergency cell*
7  *phone number*, and "**he makes it a part of his lifestyle and daily budget that he NEVER**
8  **gives out his emergency cell phone number to anyone ever, other than his wife, 4 sons,**
9  **5 grand kids and 97 year old mother** period.
10     21.   TUCK in the month prior to this first illegal debt collection call on
11 June 12, 2025 informed the Defendant company YELP *verbally and in writing that*
12 *disputed the same alleged consumer debt[s] in their entirety* and TUCK went on to tell this
13 same first call YELP agent to cease and desist all collection activities asap and "to never
14 call his emergency cell phone number again" and *did not owe* YELP **any monies at any**
15 **time EVER**!
16     22.   YELP were instructed verbally during this first illegally placed debt collection
17 call by TUCK to not **"ever"** place ANY consumer collection call[s] to TUCK again on his
18 emergency cell phone number 1-760-840-1551. TUCK also during this first illegally placed
19 call revoked [his] consent to ever be called again by the YELP pursuant to- Reardon, 115 F.
20 Supp. 3d at 1102].
21     23. If YELP has the ability to find these recordings of these very same 45 illegally
22 placed calls, and 8 texts they will find out that even my wife screamed at one of the
23 aggressive YELP phone agents when she tried to tell them her husband TUCK was not
24 home they said "We can hear him in the background"!
25     24. All [53] fifty three illegally placed calls and texts by YELP are separate
26 individual strict statutory federal violations. [*i.e. if I run into your car on Monday and*
27 *again on Friday, that is two separate violations*].
28

25. YELP's agents totally ignored ALL of Plaintiff's verbal requests and demands to cease and desist from all illegal collection calls and texts, instead YELP continued their illegal collection activities for more than [2] two months.

26. YELP are presently still placing illegal collection calls to TUCK and using the placing of negative credit lines on his credit reports to illegally leverage TUCK to pay a debt **he does not owe**, nor did he *ever owe anyone*.

27. TUCK *has no contractual obligation to pay* YELP **anything.**

28. TUCK **has never** given YELP *express written permission* to call or text TUCK'S emergency cellular phone.

29. YELP **has never** *validated or verified the alleged consumer debt[s] that were the basis for* YELP's illegal 45 calls and 8 texts pursuant to United States statute 15 U.S.C. §1692g, even though YELP was requested to do so on numerous occasions by TUCK.

30. On all the above-referenced [53] fifty three illegally placed calls to TUCK's cellular phone, YELP trespassed on TUCK and TUCK incurred multiple injuries as his peace was disturbed, Plaintiff's personal time was wasted, TUCK was charged for the calls, and TUCK incurred wear and tear of his cell phone and cell battery.

### V. FIRST CAUSE OF ACTION
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### TCPA §227(b)(1)(A) AND §227(b)(1)(A)(iii) BY DEFENDANT YELP

31. Plaintiff TUCK re-alleges and incorporates by reference the facts and allegations contained in paragraphs 1 through 30 above as though fully set forth herein.

32. Each of the more than [45] forty five illegally placed calls and [8] eight texts by Defendant YELP to Plaintiff's emergency cell phone, **[**each call a separate distinct individual strict statutory violation of the statute**]**, [i.e. "If I hit your car on Monday then again on Friday, that's two separate distinct violations].

33. As a separate and distinct damage and cause of action, YELP as demonstrated intentional and willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) and §227(b)(1)(A)(iii), by continually violating strict liability statute; by the following:

**(TCPA) 47 U.S.C. §227(b)(1)(A) states in part;**

**(b)RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT**

**(1) PROHIBITIONS** - It shall be unlawful for any person within the United States, or person outside the United States if the recipient is inside the United States -

**(A)** to make any call (other than a call made for emergency purposes or made with the prior express written consent of the called party) using any automatic telephone dialing system or an artificial or pre-recorded voice-

**(TCPA) 47 U.S.C. §227(b)(1)(A)(iii) states in part;**

**(1) PROHIBITIONS**— It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

**(A)** to make any call (other than a call made for emergency purposes or made with the prior *express written consent* of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

**(iii)** to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is called for the call;

34. YELP has at caused/committed at least [53] fifty three separate and distinct strict statutory violations TCPA with their illegal debt collection activities over the past several months using telephone[s] with automatic dialing "capabilities", [ATDS].

35. TUCK hereby SO STATES the following Allegations of Harm pursuant to **TCPA Allegations of Harm 6.9.2a.6** as follows:

- a) Congress enacted the TCPA to prevent real harm, Congress found that "automated" or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

- b) YELP's [53] illegally placed debt collection calls, messages or texts harmed the Plaintiff by causing the very harm that Congress sought to prevent— a "nuisance and invasion of property".


- c) Defendant YELP's [53] illegally placed debt collection calls, messages or texts harmed the Plaintiff harmed the Plaintiff by trespassing upon and interfering with the Plaintiff's rights and interests in Plaintiff's cellular phone.

- d) Defendant YELP's [53] illegally placed debt collection calls, messages or texts harmed the Plaintiff by intruding upon Plaintiff TUCK's seclusion.

- e) Defendant YELP's [53] illegally placed debt collection calls, messages or texts harmed the Plaintiff by causing Plaintiff aggravation and annoyance.

- f) Defendant YELP [53] illegally placed debt collection calls, messages or texts harmed harmed the Plaintiff by wasting Plaintiff's valuable time.

- g) Defendant YELP [53] illegally placed debt collection calls, messages or texts harmed harmed the Plaintiff by depleting the battery life on Plaintiff's emergency cellular phone.

- h) Defendant YELP [53] illegally placed debt collection calls, messages or texts harmed harmed the Plaintiff by using [emergency call or text minutes] allocated to Plaintiff by Plaintiff's cellular telephone service provider.

- I) Defendant YELP [53] illegally placed debt collection calls, messages or texts harmed harmed the Plaintiff by using date storage space in Plaintiff TUCK'S emergency cell phone.

36. Plaintiff TUCK has article III standing.

37. Plaintiff TUCK when speaking with Defendant YELP agents during the [53] illegally placed debt collection calls, messages or texts and after again and again repeating himself to STOP calling his emergency cell phone, YELP's agents would assure Plaintiff TUCK that ALL future calls and debt collection attempts would stop immediately. That never happened!

38. Defendant YELP has damaged Plaintiff TUCK by unintentionally and intentionally calling his San Diego based T-Mobile cell phone over [55] fifty five times from several different states in the union at all hours of the day, ALL are separate and distinct strict statutory federal violations of

47 U.S.C. §227 as follows:

§227(b)(1)(A) using a phone with *automatic dialing system capabilities* to call TUCK.
§227(b)(1)(A) placing a call to TUCK without *an emergency purpose*.
§227(b)(1)(A) placing a call to TUCK without *express (written) consent* by TUCK.
§227(b)(1)(A) placing a call to TUCK with an *artificial* or *pre-recorded voice*.
§227(b)(3)(B) placing a call to TUCK *without* an *established business relationship*.
§227(b)(1)(A)(iii) placing a call to TUCK for which TUCK is *charged for the call*.
§227(b)(1)(A)(iii) placing a call *without prior express written permission* to call TUCK.

39. An *un-intentional* debt collection call carries a damage amount of $500 for the first *un-intentionally* placed call by Defendant YELP to the Plaintiff. The first illegally placed *un-intentional call* was made by Defendants YELP at 1:34pm. on June 12, 2025.

40. Each additional call placed by YELP's staff after the first unintentional call is subject to *treble* damages *or $1,500 for each and every additional call pursuant to 47 U.S.C.§227(b)(3) as each additional call was intentional and willful*.

41. YELP made a total of forty five illegally placed calls and [8] eight illegally placed texts to the Plaintiff emergency cell phone number 1-760-840-1551 which carries a federal statutory damage amount of $1,500 for each and every additional call illegally placed to the Plaintiff by YELP after the first illegally placed call, the total of 53 calls and texts carries a damage amount of $78,000.00 pursuant to 47 U.S.C.§227(b)(3).

42. Defendant YELP has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) and §227(b)(1)(A)(iii) by calling the Plaintiff's emergency cell number more than [52] times **after** their first **intentionally** placed call of June 12, 2025, moreover even **after** being told by Plaintiff TUCK on the very first **intentionally** placed call to **NEVER** call his emergency cell phone number again.

43. Plaintiff TUCK:

[1] *Never had an established business relationship* with Defendant YELP within the meaning of 47 U.S.C. §227;

[2] Plaintiff *did not* give Defendant YELP his personal cell phone number, *ever*;

[3] Defendant YELP did not at any time ever have Plaintiff TUCK's express written

[4] Plaintiff notified Defendant YELP *verbally and in writing to stop calling* Plaintiff's emergency cell phone;

[5] Plaintiff was charged for each call. Plaintiff is entitled to damages of $1,500 per statutory violation made by Defendant YELP pursuant to 47 U.S.C. §227(b)(3)(C).

**WHEREFORE,** Plaintiff TUCK demands judgement for damages against Defendant YELP for statutory damages of $38,000.00, U.S. dollars plus attorneys fees and costs, pursuant to **TCPA 47 U.S.C. §227 et al.** .

...

## VI. SECOND CAUSE OF ACTION
### VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT (FDCPA) 15 U.S.C. §1692 et seq. AGAINST DEFENDANT YELP

44. Plaintiff TUCK re-alleges and incorporates by reference the facts and allegations contained in paragraphs 1 through 43 above as though fully set forth herein.

45. Plaintiff TUCK is a *"consumer"* within the meaning of (FDCPA) 15 U.S.C.*§1692a(3)*.

46. Defendant YELP is a *"debt collector"* within the meaning of (FDCPA) 15 U.S.C. *§1692a(6)*.

47. Defendant YELP's violations include but are not limited to the following:

a) Defendant YELP violated (FDCPA) 15 U.S.C.*§1692c(a)*(1) by contacting plaintiff TUCK at a *time and place known to be inconvenient.*

b) Defendant YELP violated (FDCPA) U.S.C. *§1692d by engaging in conduct that the natural consequence of is to harass, abuse, and oppress* plaintiff TUCK.

c) Defendant YELP violated (FDCPA) U.S.C.*§1692d(2) by using abusive language in an attempt to discuss a Yelp business page and/or to collect an alleged accruing consumer debt* from the Plaintiff.

d) Defendant YELP violated (FDCPA) U.S.C.*§1692d(5)* when Defendant YELP *caused* plaintiff TUCK'S emergency *telephone to ring repeatedly and continuously more than [53] times over several weeks period of time with the intent to annoy, abuse, and harass the Plaintiff.*

e) Defendant YELP violated (FDCPA) U.S.C.*§1692e by making false, deceptive and misleading representations in connection with the alleged consumer debt collection[s].*

f) Defendant YELP violated (FDCPA) 15 U.S.C. *§1692e(2) by falsely representing the character, amount, or legal status of any debt.*

g) Defendant YELP violated (FDCPA) 15 U.S.C.*§1692*e(4) *by misrepresenting that non-payment of any debt will result in the arrest or imprisonment of any person.*

h) Defendant YELP violated (FDCPA) 15 U.S.C.*§1692e(5) for threatening to take action against the plaintiff that cannot legally be taken or that is not intended to be taken.*

**i)** Defendant YELP violated (FDCPA) 15 U.S.C.§1692e(8) *by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt was disputed.*

**j)** Defendant YELP violated (FDCPA) 15 U.S.C.§1692e(10) *by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.*

**k)** Defendant YELP violated(FDCPA) 15 U.S.C.§1692f(1) *by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law*

**l)** Defendant YELP violated (FDCPA) 15 U.S.C. §1692g by, **1)** within five (5) days after the initial communication with plaintiff in connection with the collection of any debt, **failing** to send plaintiff a written notice containing a statement that unless the consumer, within thirty (30) days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; **2)** a statement that if the consumer notifies the debt collector in writing the thirty (30) day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgement against the consumer and a copy of such verification or judgement will be mailed to the consumer by the debt collector.

**WHEREFORE,** Plaintiff, ROY TUCK, respectfully requests judgement be entered against Defendant YELP for the following:

48. Declaratory judgement that the Defendant YELP's conduct violated the Fair Debt Collection Practices Act;

49. Statutory damages of $1,000.00 for each violation pursuant to the Fair Debt Collection Practices Act 15 U.S.C. *§1692k* .

50. Costs and reasonable attorneys fees pursuant to the Fair Debt Collection Practices Act *15 U.S.C. §1692k.*

51. Any other relief that this Honorable Court deems appropriate.

## VII. THIRD CAUSE OF ACTION
### VIOLATION OF CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CIVIL CODE §1788 et seq. BY DEFENDANT YELP

52. Plaintiff TUCK re-alleges and incorporates by reference the facts and allegations contained in paragraphs 1 through 51 above as though fully set forth herein

53. Plaintiff is a *consumer* within the meaning of 15 U.S.C. §1692 *et seq.*

54. Defendant YELP is *seeking to collect a consumer debt* from Plaintiff TUCK as defined by California Civil Code §1788.10(f).

55. The alleged YELP credit account[s] in question is consumer credit transaction as defined by California Civil Code §1788.2(e) as Plaintiff TUCK has allegedly received services, property or money from Defendant YELP, or Plaintiff TUCK has received an extension of credit, services or money which was used primarily for personal, family, or household purposes.

56. Defendant YELP has damaged Plaintiff TUCK by violations of California Civil Code §1788 as follows:

**a.** §1788.10(c) debt collector Defendant YELP's knows that reporting negative credit lines to the national credit reporting agencies will defame the alleged debtor TUCK.

**b.** §1788.10(f) threat by Defendant YELP's to take action which is prohibited by this title.

**c.** §1788.11(e) constitutes harassment.

**d.** §1788.12(c) communication .. Deadbeat list (Debt Report)

**e.** §1788.13(j) false representation . . unless payment is made.

**f.** §1788.17 shall comply with provisions of §1692b to §1692j; subject to §1692k.

**WHEREFORE,** Plaintiff TUCK demands judgement for damages against Defendant YELP for statutory damages of $1,000.00 U.S. dollars, attorneys fees pursuant to §1788.30(b) and costs, pursuant to §1788.30©.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all issues, so triable as a matter of law.

Respectfully submitted,

Dated this 18th day of August 2025

_____
ROY TUCK/PLAINTIFF IN PRO SE

## VERIFICATION OF ROY TUCK

1. I, ROY TUCK, declare as follows:

2. I am of age, sound mind and competent to testify to facts based on firsthand knowledge of all of the above items as so stated herein.

3. I have been damaged financially, credit wise, socially and emotionally as a result of Defendant YELP's unlawful actions and numerous violations as so stated in the attached Complaint . . .

4. I have read all of the foregoing pleadings and know the facts therein so stated To be true and correct to the best of my knowledge.

5. I declare, under the penalty of perjury to the laws of the state of California, that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated this 18th day of August 2025   */s/ Roy Tuck*

**ROY TUCK, PLAINTIFF IN PRO SE**

///
///
///
///
///
///
///
///