1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY TUCK,<br><br>                                Plaintiff,<br><br>v.<br><br>YELP, INC.,<br><br>                                Defendant. | Case No.:   3:25-cv-02155-JES-SBC<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>**[ECF No. 2]** |

Before the Court is Plaintiff Roy Tuck's motion for leave to proceed *in forma pauperis* ("IFP"). ECF No. 2. After due consideration and for the reasons set forth below, the Court **GRANTS** the motion to proceed IFP.

## I.      Motion to Proceed *In Forma Pauperis*

Parties instituting a civil action must pay a filing fee of $405 unless they are granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). A party need not "be absolutely destitute" to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). "Nonetheless, a plaintiff seeking IFP status must allege poverty 'with some

1

particularity, definiteness, and certainty.'" *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (quoting *United States v. McQuade*, 647 F.3d 938, 940 (9th Cir. 1981)). To that end, "[a]n affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Id*. "But, the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in part, to pull his own oar." *Temple v. Ellerthorp*, 586 F.Supp. 848, 850 (D.R.I. 1984).

The Court has reviewed Plaintiff's IFP motion and finds that Plaintiff is unable to pay fees or post securities required to maintain this action. Plaintiff submitted an application stating that Plaintiff and his wife receive income through Social Security Disability payments totaling $1,582 per month. ECF No. 2 at 2. Plaintiff further stated that he has one car valued at $4,000, $237.40 in a checking account, and expenses of $1,913 per month. *Id*. at 2-5. Because Plaintiff's monthly expenses exceed his monthly income, the Court finds that Plaintiff is unable to pay the filing fee. Therefore, the Court **GRANTS** Plaintiff's motion for leave to proceed IFP.

## II.    Screening under 28 U.S.C. § 1915(a)

The Court screens complaints brought by persons proceeding *pro se* and IFP. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-*

2

*Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

Plaintiff brings claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, and the California Rosenthal Fair Debt Collections Practices Act, Cal. Civ. Code §§ 1788-1788.33[1]. *See generally* ECF No. 1. The Court addresses each in turn.

## A.    Telephone Consumer Protection Act

The TCPA forbids making "any call ... using any automatic telephone dialing system ... to any phone number assigned to ... a cellular telephone service[.]" 47 U.S.C. § 227(b)(1)(A)(iii). Congress enacted the TCPA in response to the increased number of consumer complaints due to a larger number of telemarketing calls, which it considered to be "nuisance[s] and an invasion[s] of privacy." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (2009). The law "prohibit[s] the use of [automated telephone equipment ("ATDS")] to communicate with others by telephone in a manner that would be an invasion of privacy[,]" *id.*, and provides a private right of action against such users for making "any" call using an ATDS to any cell phone. 47 U.S.C. § 227(b)(1)(A)(iii) & (b)(3). The TCPA

---

[1] FDCPA and Cal. Civ. Code § 1788 cases may be construed jointly for the purposes of this IFP motion, since Cal. Civ. Code § 1788 is sometimes referred to as the CA FDCPA. *See Tuck v. Am. Accounts & Advisors, Inc.*, No. 3:19-cv-0671-GPC-NLS, 2019 WL 2514733, at *4 n.3 (S.D. Cal. June 18, 2019). Because Plaintiff has pleaded sufficient factual allegations to bring a claim under the FDCPA, he has by extension passed muster with respect to his Cal. Civ. Code § 1788 claim.

itself presents a risk of real harm in the form of an invasion of privacy, and therefore there is no need for the plaintiff to allege any harm "... beyond the one Congress has identified." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 342 (2016).

Plaintiff has alleged that Defendant Yelp, Inc. ("Yelp") has made 45 harassing calls, and 8 texts, many of which came from an automated system to his emergency cell phone. ECF No. 1 ¶¶ 15, 23, 38. A plaintiff in a TCPA claim need not include additional details to be sufficient under 28 U.S.C. § 1915(e)(2)(B). *See Tuck*, 2019 WL 2514733, at *3; *Reichman v. Poshmark, Inc.*, 267 F. Supp. 3d 1278, 1285-86 (S.D. Cal 2017).

## B.    Fair Debt Collections Practices Act

Congress created the FDCPA to protect consumers from unfair and deceptive debt collection practices. *See* 15 U.S.C. § 1692. To recover under the FDCPA, a plaintiff must meet three threshold requirements: (1) the plaintiff must be a "consumer"; (2) the defendant must be a "debt collector" under the FDCPA; (3) the defendant must have committed some act or omission in violation of the FDCPA. *See Robinson v. Managed Accounts Receivable Corp.*, 654 F. Supp. 2d 1051, 1057 (C.D. Cal. 2009); *see also* 15 U.S.C. § 1692a. Plaintiff asserts all the calls Yelp made to him were for consumer debt collection. ECF No. 1 ¶ 29. His complaint further alleges that Yelp is a debt collector as defined by the FDCPA. *Id.* ¶ 46. Plaintiff asserts five types of FDCPA violations, arising from 15 U.S.C. § 1692c(a)(1), d(2), d(5), e(2), e(4), e(5), e(8), e(10), f(1), and g. *Id.* ¶ 47.

Plaintiff's factual allegations are sufficient to state a plausible claim that Yelp violated the claimed provisions. 15 U.S.C. § 1692c(a)(1) states:

> Without consent of the prior consent of the consumer ... a debt collector may not communicate with a consumer in connection with the collection of any debt –
>
> (1) at any unusual time or place ... a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location.

Here, Plaintiff alleges that of the 53 calls, many were before or after the times listed in the FDCPA, and that he never gave his consent to Yelp to collect any debt from him or had any business relations with Yelp. ECF No. 1 ¶¶ 14, 38. Plaintiff also alleges that he informed Yelp several times that he believed Yelp was in violation of the FDCPA and asked it to cease or desist from all illegal collection calls and texts. *Id.* ¶¶ 21-22, 25. Taking these claims in the light most favorable to Plaintiff, the complaint states a plausible violation of the FDCPA that he could recover for.

Plaintiff alleges sufficient facts to show that he could also recover under 15 U.S.C. § 1692d(2) and (5). Pursuant to § 1692d(2) and (5):

> A debt collector may not engage in any conduct ... to harass, oppress, or abuse any person ... the following conduct is a violation of this section:
>
> (2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.
>
> (5) Causing the telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass …

Plaintiff claims that Yelp has been harassing him since June 12, 2025, by calling Plaintiff over 53 times to date. ECF No 1. ¶¶ 19, 30. He further alleges that one of the "aggressive" Yelp phone agents, after his wife screamed at the agent that Plaintiff was not home, said "We can hear him in the background." *Id.* ¶ 23. Plaintiff's allegations do not appear frivolous or malicious and are sufficient to proceed under 28 U.S.C. § 1915(e)(2)(B).

Plaintiff claims he is entitled to relief under the 15 U.S.C. § 1692e(2), (4), (5), (8), and (10). Section 1692e, in relevant part, states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section ...
>
> (2) The false representation of—

(A) the character, amount, or legal status of any debt; or

(B) any services rendered or compensation which may be unlawfully received by any debt collector for the collection of debt.

(4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

Plaintiff explicitly alleges that Yelp continues to place illegal collection calls and uses the placing of negative credit lines on his credit reports to illegally leverage him to pay a debt he does not owe. ECF No. 1 ¶ 26. Such allegations are sufficient to bring a claim under § 1692e.

Plaintiff also claims he is entitled to relief under the 15 U.S.C. § 1692f(1). Section 1692f(1) prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." Conduct that violates this section of the FDCPA includes: "(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." *Id.* § 1692f(1). Plaintiff alleges that Yelp placed negative credit lines on his credit reports to leverage him into paying a debt he does not owe. ECF No. 1 ¶ 26. The Court finds this allegation sufficient to state a claim under § 1692f(1) and proceed under 28 U.S.C. § 1915(e)(2)(B).

6

Finally, Plaintiff claims he is entitled to relief under the 15 U.S.C. § 1692g. Pursuant to § 1692g(b), "[i]f the consumer notifies the debt collector in writing within" 30 days of the initial communication "that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor," the debt collector must verify the debt. Plaintiff alleges that a month after receiving the first call, he informed Yelp verbally and in writing that he disputed the consumer debt in its entirety and to "cease and desist." ECF No. 1 ¶ 21. While Plaintiff properly alleges that he disputed the debt in writing, Plaintiff fails to allege that he requested the name and address of the original creditor. Consequently, Plaintiff's claim under 15 U.S.C. § 1692g fails, and is therefore **DISMISSED**.

Outside of Plaintiff's FDCPA claim alleging violations under § 1692(g), Plaintiff's complaint appears to state a non-frivolous claim for violations of the FDCPA.

### III.    Conclusion

Accordingly, Plaintiff's Motion to Proceed *in forma pauperis*, ECF No. 2, is **GRANTED**. The Court further finds that a *sua sponte* analysis under 28 U.S.C. § 1915(e)(2)(B) provides no barriers to further proceedings, except to the extent that Plaintiff alleges a violation of the FDCPA under 15 U.S.C. § 1692g. In the event that Plaintiff elects to file an amended complaint as to his FDCPA claim alleging a violation of § 1692g, he must do so within **thirty (30) days** of this Order.

**IT IS SO ORDERED**.

Dated:  September 5, 2025

Honorable James E. Simmons Jr.
United States District Judge

7

3:25-cv-02155-JES-SBC