Roy Tuck
1600 E. Vista Way #85
Vista, CA 92084
Ph: 760-840-1551
captroy@fishnazi.com

Plaintiff In Pro Se

FILED
NOV 19 2025
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY          AC          DEPUTY

# IN THE UNITED STATED DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROY TUCK,** [as an individual], | Case No. 25CV2155 JES SBC |
| Plaintiff, | **PLAINTIFF'S MOTION FOR LIMITED DISCOVERY** |
| vs | **REGARDING ARBITRATION AGREEMENT FORMATION** ["Arbitration Related Discovery"] |
| **YELP, INC.** [A California Corporation], | |
| Defendant. | Honorable Judge James E. Simmons Jr. |
| | Action Filed August 20, 2025 |

I. INTRODUCTION

    **PLAINTIFF,** proceeding In Pro Se, respectfully moves this honorable Court for Limited Discovery on issues directly related to whether any valid arbitration agreemnt was formed between Plaintiff TUCK and Defendant YELP, INC. His requested discovery is necessary because Yelp's recent Motion to Compel Arbitration dated November 05, 2025 rests on factual assertions-specifically, that Plaintiff TUCK agreed to Yelp's Terms of Service-which Plaintiff hereby disputes with this motion.

The Ninth Circuit has repeatedly held that when the existence of an arbitration agreement is challenged, courts **must allow** discovery **where necessary** to resolve factual disputes regarding contract formation[s].

Because Plaintiff **never saw**, **never agreed to**, and was **never shown** any Terms of Service when he was creating a Yelp business account using Google Login, limited discovery is required before the court can determine whether an enforceable arbitration agreement ever existed at all.

## II. LEGAL STANDARD

- Where the formation of an arbitration agreement is disputed, the FAA requires the Court- not an arbitrator-to resolve the issue. Courts in the Ninth Circuit have consistently held that discovery is appropriate when needed to determine whether an agreement to arbitrate was formed.

- Here, Yelp bears the burden of proving that Plaintiff TUCK assented to arbitration. Plaintiff denies assent. Limited discovery <u>therefore is legally required</u>

## III. GROUNDS FOR REQUESTED DISCOVERY

Plaintiff disputes:

1. That Yelp presented any Terms of Service when Plaintiff signed up using Google Login;

2. That Yelp provided any reasonably conspicuous notice of arbitration terms;

3. That Plaintiff took any action that a reasonable user would understand as agreeing to arbitration;

4. That Yelp's records support its claim that Plaintiff saw and agreed to the Terms. Because Plaintiff created the alleged account through Google Oauth, and because Yelp repeatedly placed illegal telemarketing calls to Plaintiff's emergency cell phone number without consent, the alleged arbitration agreement is not only disputed-it is highly unlikely to exist.

5. Yelp's assertions cannot be evaluated with limited discovery.

///

## IV  REQUESTED LIMITED DISCOVERY

Plaintiff respectfully seeks narrowly tailored discovery limited only to arbitration-formation issues.

Specifically, Plaintiff hereby requests:

### A. Documents and Records

1. **All versions of Yelp's account-creation page[s]** [Including Google Oauth Login flows] displayed to users during the relevant time period[s].

2. **All Screenshots, UI/UX designs, and wireframes** showing how Yelp's Terms of Service were [or were not] presented to users who signed in using Google.

3. **Clickstream logs** for Plaintiff's alleged account creation showing what pages were loaded.

4. **All versions of Yelp's Terms of Service** in effect at the time Plaintiff created the alleged Yelp business account.

5. **Internal documentation** describing Yelp's implementation of Google Login, including where [if anywhere] Terms were accepted.

6. **Any internal emails or policy documents** referencing arbitration-related-issues for "business owner onboarding" Or Google Oauth user.

### B. Depositions [limited]

Specifically, Plaintiff requests leave to depose **one knowledgeable Yelp employee** under Rule 30(b)(6) regarding:

1. The design and deployment of Yelp's Google Login system;

2. How Yelp presents Terms of Service to users logging in with Yelp;

3. Whether Yelp has any record[s] that Plaintiff viewed, clicked, or agreed to Terms;

4. Yelp's understanding of TCPA consent requirements;

///

///

## V. THIS DISCOVERY IS NECESSARY AND NARROWLY TAILORED

This is not a request for general discovery. It is strictly limited to:

- Whether a contract was formed;
- Whether Plaintiff TUCK was ever shown Yelp's arbitration clause;
- Whether Yelp's records support Yelp's assertions.

Without this information, the honorable Court cannot fairly determine whether Yelp has met its burden of proving assent of any kind by Plaintiff TUCK.

## VI. CONCLUSION

For all the reasons stated above, Plaintiff respectfully requests that the Court:

1. **Grant this Motion of Limited Discovery** prior to ruling on Yelp's Motion to Compel Arbitration scheduled in a few short weeks on **December 19, 2025 at 2:30 post meridiem time in Courtroom 4B**.

2. Permit Plaintiff to obtain the documents and deposition listed above, and

3. Stay or continue Yelp's arbitration motion until limited discovery is completed.

Respectfully submitted,

_____

Roy Tuck
1600 E. Vista Way #85
Vista, CA 92084
Ph: 760-840-1551
captroy@fishnazi.com
Plaintiff In Pro Se

### VERIFICATION OF ROY TUCK

1. **I, ROY TUCK**, declare as follows:

2. I am of age, sound mind and competent to testify to facts based on firsthand knowledge of all of the above items as so stated herein.

3. I have been damaged financially, credit wise, socially and emotionally as a direct result of Defendant YELP's unlawful actions and numerous violations as so stated in my verified/conformed Complaint filed with this honorable Court on August 20, 2025, with the Case No.#25-CV-2155 JES SBC

4. I have read all of the foregoing pleadings and know the facts therein so stated To be true and correct to the best of my knowledge.

1  5.  I declare, under the penalty of perjury to the laws of the state of California, that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated this 18th day of November 2025

_____,
ROY TUCK, PLAINTIFF IN PRO SE

## CERTIFICATE OF SERVICE

*Roy Tuck v. Yelp, Inc.*
Case No. 3:25-CV-02115-JES SBC

At the time of service, I was over 18 years of age, and not a party to this action. I am a resident of San Diego County and my address is 1600 E. Vista Way #85, Vista, CA 92084.

On November 18, 2025, I served true and correct copies of the following document[s] **PLAINTIFF'S MOTION FOR LIMITED DISCOVERY** described as the interested parties in this action as follows:

SERVICE LIST:

| | |
|---|---|
| Daniel J. Taylor (State Bar No. 241404)<br>MUSICK, PEELER & GARRETT LLP<br>333 South Hope Street, Suite 2900<br>Los Angeles, CA 90071-3048<br>Ph: [213] 629-7600<br>Fax [213] 624-1376<br>d.taylor@musicpeeler.com | Attorney for Defendant Yelp, Inc. |
| Giorgio A. Sassine (State Bar No. 324639)<br>MUSICK, PEELER & GARRETT LLP<br>333 South Hope Street, Suite 2900<br>Los Angeles, CA 90071-3048<br>Ph: [213] 629-7600<br>Fax [213] 624-1376<br>g.sassine@musicpeeler.com | Attorney for Defendant Yelp, Inc |

[X] **BY MAIL:** I enclosed the document[s] in a sealed envelope or package addressed to the persons at the addresses listed in the above Service List and placed the envelope for collection and mailing, following ordinary mailing practices, I am familiar with the process of mailing in Court documents and the envelope was placed in the US mail in Vista, CA sealed postage pre-paid and I am a resident of San Diego County.

[ ] **BY CM/ECF NOTICE OF ELECTRONIC FILING:** N/A

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am a California registered voter and resident.

Executed on November 18th 2025, at San Diego, California.

_____
DEBORAH TUCK