```
1   Roy Tuck
    1600 E. Vista Way #85
2   Vista, CA 92084
    Ph: 760-840-1551
3   captroy@fishnazi.com

4   Plaintiff In Pro Se
```

FILED
DEC 17 2025
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# IN THE UNITED STATED DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROY TUCK,**<br>[as an individual],<br><br>　　　　　**Plaintiff,**<br><br>vs<br><br>**YELP, INC.**<br>[A California Corporation],<br><br>　　　　　**Defendant**. | Case No. 3:25-CV-02155-JES-SBC<br><br>**PLAINTIFF ROY TUCK'S REPLY IN SUPPORT OF MOTION FOR LIMITED DISCOVERY REGARDING ARBITRATION AGREEMENT FORMATION**<br><br>Date:　　　December 19, 2025<br>Time:　　　2:30 P.M.<br>Courtroom:　4B<br><br>Action filed August 20, 2025 |

## 1. INTRODUCTION

Defendant Yelp Inc's. ("Yelp") attempts to short-circuit this Court's obligation to determine whether an arbitration was **ever formed** by arguing that discovery is unnecessary. That position misstates both the law and the facts.

Plaintiff ROY TUCK ("Plaintiff") does not seek expanded discovery. Plaintiff seeks narrow, threshold discovery solely to determine whether a valid arbitration agreement exists, whether Plaintiff assented to it, and whether Yelp's alleged TCPA statutory violations undermine enforceability. Federal courts consistently permit such discovery where, as here, formation is genuinely disputed, and the relevant evidence is exclusively in the defendant's control.

1     Plaintiff ROY TUCK respectfully submits this Reply in support of his Motion for
2 Limited Discovery Regarding Arbitration Agreement Formation. Defendant Yelp opposes
3 Plaintiff's Motion by asserting that no discovery is necessary. Plaintiff demonstrates below
4 that limited discovery is essential to determine the **formation, enforceability, and**
5 **applicability of any purported arbitration agreement**, especially in light of Plaintiff's
6 allegations of Defendant's repeated statutory violations of the **Telephone Consumer**
7 **Protection Act [TCPA], [TCPA], 47 U.S.C. §227.**
8     Defendant Yelp Inc opposition confirms precisely why limited discovery is
9 absolutely required before this Court can rule on Yelp's Petition to Compel Arbitration.
10 Yelp relies on boilerplate declarations, generic screenshots, and assumptions regarding
11 contract formation, while withholding the very evidence necessary to test whether Plaintiff
12 Roy Tuck ever agreed to arbitrate, whether any arbitration was reasonably communicated,
13 and whether the alleged agreement is enforceable under California or federal law.
14     Where a party opposing raises a colorable challenge to the existence, formation, or
15 enforceability of an arbitration agreement, limited discovery is not only appropriate–it is
16 required to ensure fundamental fairness. **(See Rosenthal v. Great Western Fin. Sec.**
17 **Corp. (1996) 14 Cal.4th 394, 413-414.)** Plaintiff has done exactly that.
18     Defendant Yelp Inc. opposes Plaintiff's narrowly tailored request for limited
19 discovery concerning the formation of the alleged arbitration agreement, Yelp's opposition
20 rests on the incorrect premise that it has already conclusively proven mutual assent and
21 notice as a matter of law, it has not.
22     Plaintiff does not ask this court to decide the ultimate enforceability of arbitration at
23 this stage. Rather, Plaintiff seeks limited discovery to test Yelp Inc's factual assertions
24 regarding whether Plaintiff ever received reasonably conspicuous notice of arbitration
25 terms or manifested assent–issues squarely reserved for this honorable Court when
26 formation is disputed.
27     Where, as here, a part like Plaintiff TUCK contests contract formation and the
28 opposing party relies on self-serving declarations and internal screenshots, limited

1  discovery is not only appropriate, it is required

2  Defendant Yelp Inc. seeks to compel arbitration without first meeting its burden to prove that any valid arbitration agreement was ever formed between Plaintiff and Defendant. Plaintiff has expressly disputed contract formation, notice and assent. Yelp's opposition attempts to short-circuit that original inquiry by assuming facts not in evidence and by resisting narrowly tailored discovery into matters uniquely within Yelp's possession. Federal law does not permit that result.

Where, as here, the existence of an arbitration agreement is genuinely disputed, the Court must permit limited discovery before ruling on a motion to compel arbitration.

Plaintiff's request is modest, targeted, and directly tied to the threshold issue of formation. Yelp's opposition fails to address these factual disputes and instead argues the merits "*prematurely*". The motion for limited discovery should therefore be **granted.**

## II.  ARGUMENT:

### Limited Discovery is Necessary to Determine Whether an Arbitration Agreement Exists

**A. <u>Yelp incorrectly claims Discovery is unnecessary Defendant bears the burden  of proving the existence and validity of anyarbitration agreement</u>. See Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 84 (2002).** Plaintiff cannot fully respond to Defendant's Motion to Compel Arbitration without targeting discovery to clarify:

  1. Whether Plaintiff actually received or consented to any arbitration agreement.
  2. The specific terms of any purported agreement, including notice and acceptance of procedures.
  3. Whether Defendant maintained proper records evidencing the formation of an agreement.

Courts routinely permit **limited discovery** to resolve such threshold questions before compelling arbitration. **See Gibbs v. Carnival Corp., 314 F. Supp. 3d 1304, 1311 (S.D. Fla,. 2018)** (granting discovery on agreement formation prior to ruling on arbitration).

When such disputes exist, courts do not compel arbitration without discovery. **Bazemore v. Jefferson Capitol Sys., LLC, 827 F.3d 1325, 1330 (11th Cir. 2016)** also **Norcia v. Samsung Telecomms. Am., 845 F.3d 1279, 1283 (9th Circuit 2017).** Limited discovery is necessary because Plaintiff does not possess Yelp's internal records, logs, click-wrap data, or communication history.

Arbitration is matter of contract. A court may not compel arbitration unless it first determines that an agreement to arbitrate was actually formed. First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995).

When a plaintiff raises a genuine dispute as to formation, limited discovery is appropriate and often required. Guidotti v. Legal Helpers Debt Resolution, L.L.C., 716 F.3d 764, 776 (3d Cir. 2013).

**B. Plaintiff Should be Permitted Discovery Related to TCPA Violations**

Defendant's repeated illegal statutory violations are directly relevant to the enforceability of the arbitration agreement. Specifically:

1. Plaintiff alleges that Defendant engaged in unsolicited text messages and calls in for many weeks and months in direct violation of **47 U.S. §227 et al.**

2. Evidence of such intentional and willful statutory violations may demonstrate **Defendant's overreach and potential procedural unconscionability**, which bears on arbitration enforceability.

Limited discovery into Defendant's communications with Plaintiff is therefore necessary to assess whether the arbitration agreement can be enforced. See **Soppet v. Enhanced Recovery Co., 679 F.3d 637, 640 (7th Cir. 2012)** [finding discovery appropriate when enforceability of arbitration is disputed].

**C. TCPA Violations Directly Undermine Arbitration Enforceability**

**Yelp improperly minimizes the relevance** of Plaintiff's TCPA allegations.

Plaintiff alleges Yelp engaged in:

- Unsolicited autodialed calls and texts;
- Communications and calls and texts without **express written permission[s]**;

Plaintiff Roy Tuck's Reply in Support of Motion for Limited Discovery Regarding Agreement Formation

Page 4

- Contacts occurring **before** any alleged arbitration agreement.

Evidence of such violations bears directly on:

- Whether consent was ever provided;
- Whether any arbitration clause was imposed retroactively;
- Whether the agreement is procedurally unconscionable.

Courts permit discovery where TCPA violations call contract formation into question. **See Schein v. T-Mobile USA, Inc., 2016 WL 8128515, at *4 (D. Nev. 2016)**

### D. Yelp's Reliance on Boilerplate Case Law is Misplaced

Yelp cites cases where arbitration agreements were undisputed or fully authenticated. Those cases are inapplicable. Here courts distinguish such cases and permit discovery. Hancock v. AT&T, Inc., 701 F.3d 1248, 1261 (10th Cir. 2012).

### E. Rule 56(d) Considerations Support Granting Discovery

Plaintiff cannot yet respond fully to any Motion to Compel Arbitration because "key facts" <u>are exclusively in Defendant's possession.</u> A Rule 56(d) style declaration accompanies this Reply, detailing the specific discovery needed.

## ADDITIONAL–NINTH CIRCUIT PINPOINT AUTHORITY (CALIFORNIA)

### A. NINTH CIRCUIT LAW REQUIRES DISCOVERY WHEN ARBITRATION FORMATION IS DISPUTED

> "If the making of an arbitration agreement is in issue, the Court shall proceed summarily to the trial thereof".
> **Three Valleys Mun. Water Dist. v. E.F. Hutton & Co., 925 F.2d 1136, 1140-41 (9th Cir. 1991).**

The Ninth Circuit has repeatedly held that **a party cannot be forced into arbitration absent proof of assent**, and that factual disputes over formation preclude enforcement without further inquiry. Id.

### B. YELP BEARS THE BURDEN UNDER NINTH CIRCUIT PRECEDENT

Under California and Ninth Circuit law, Yelp bears the burden of proving contract formation, including notice and assent.

> "The party seeking arbitration bears the burden of proving the existence of an agreement to arbitrate". **Norcia v. Samsung Tellecomms. Am., LLC, 845 F.3d 1279, 1283 (9th Cir. 2017).**

Where assent is disputed –as it is here– courts may not rely on unsupported declarations or boilerplate terms. Id at 1285–86.

### C. CLICKWRAP/BROWSWRAP CASES REQUIRE EVIDENCE OF ACTUAL NOTICE

Ninth Circuit authority is especially strict where arbitration allegedly arises from online terms.

> "An offense is not bound by inconspicuous contractual provisions of which he was unaware, contained in a document whose contractual nature is not obvious". **Nguyen v. Barnes & Noble Inc., 763 F.3d 1171 - 1177 (9th Cir. 2014).**

Yelp has not produced any evidence showing:

- Where the arbitration clause appeared;
- Whether Plaintiff saw it;
- Whether Plaintiff affirmatively agreed.

Discovery is therefore required under Nguyen.

### D. TCPA VIOLATIONS PRE-DATING ARBITRATION UNDERMINE ENFORCEABLITY

> "Courts should not presume that arbitration clauses apply retroactively unless the language clearly indicates such intent". In re **Verisign, Inc. Derivative Litig., 531 F.3d 1357, 1361 (9th Cir. 2008)**

Plaintiff alleges Yelp's TCPA violations occurred **before** any purported arbitration agreement. Discovery into call and text logs is therefore directly relevant.

### E. RULE 56(d) DISCOVERY IS FAVORED IN THE NINTH CIRCUIT

The Ninth Circuit holds that Rule 56(d) motions should be granted **"fairly freely"** where facts are in the opposing parties possession.

## III. LEGAL STANDARD: DISCOVERY IS REQUIRED WHEN ARBITRATION FORMATION IS DISPUTED

Arbitration is a matter of contract, and a party cannot be compelled to arbitrate absent proof of a valid agreement. The party seeking to compel arbitration bears the burden of proving the existence of a valid arbitration agreement.

When a Plaintiff specifically challenges the formation or existence of an arbitration agreement, courts routinely permit limited discovery before deciding arbitrability. Discovery is appropriate where evidence relevant to formation-such as assent, notice, or identity of the contracting party-is solely within the Defendant's control.

Here, Plaintiff has squarely placed arbitration formation at issue. Yelp's opposition improperly treats the agreement as established fact rather than a disputed issue requiring evidentiary development.

### A. Plaintiff Denies Creating a Yelp Business Account or Assenting Arbitration

Yelp's opposition assumes, without evidentiary support, that Plaintiff created a Yelp business account and agreed to its Terms of Service. Plaintiff expressly denies ever creating such and account, clicking to accept Yelp's terms, or receiving notice of any arbitration provision.

The mere appearance of Plaintiff's business information on Yelp does not establish assent. Yelp routinely publishes business listings without the business owner's participation or consent. Such unilateral publication cannot create a binding arbitration agreement.

### B. Yelp Has Not Produced Evidence of Notice of Mutual Assent

Yelp has not produced any authenticated record showing:

- Who allegedly created the account;
- The IP address or device used;
- The date and time of any alleged assent;
- The version of the Terms of Service effect;
- That Plaintiff personally reviewed or accepted any arbitration clause.

Without this evidence, Yelp cannot meet its burden. Plaintiff is entitled to discovery to test these foundational assertions.

### C. The Alleged Arbitration Agreement is Central to the TCPA Claims.

The existence (or non-existence) of an arbitration agreement is intertwined with the conduct at issue in this case, including Yelp's alleged illegal telemarketing calls. Discovery in to account creation and phone-number linkage bears directly on both arbitrability and the merits, further supporting Plaintiff's TCPA claims against Defendant Yelp.

## IV  CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the Court grant limited discovery regarding the formation, validity, and enforceability of any arbitration agreement between Plaintiff and Defendant, including discovery related to Defendants numerous statutory TCPA violations.

### DECLARATION OF PLAINTIFF ROY TUCK IN SUPPORT OF RULE 56(d) DISCOVERY

I, ROY TUCK, Plaintiff in Pro Se declare as follows:

1. I am the Plaintiff in this action and submit this declaration In support of my Reply in Support of Motion for Limited Discovery Regarding Arbitration Agreement Formation.

2. I cannot fully respond to any motion to compel arbitration because key information regarding the formation and terms of the arbitration agreement is solely in the possession of Defendant.

3. Specifically, I require discovery regarding:

   a. Any communications (emails, texts, notices, provided to Plaintiff evidencing the arbitration agreement.

   b. Defendant's TCPA-related communications to Plaintiff, including call logs and text messages.

   c. Any internal policies or procedures related to arbitration agreement formation and notice.

4. Without this limited scope discovery, I cannot adequately demonstrate the absence, invalidity, or unenforceability of any arbitration agreement.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct.

EXECUTED ON THIS 16th DAY OF DECEMBER 2025.

*Roy Tuck*

Roy Tuck
1600 E. Vista Way #85
Vista, CA 92084
Ph: 760-840-1551
captroy@fishnazi.com
Plaintiff In Pro Se

# CERTIFICATE OF SERVICE

*Roy Tuck v. Yelp, Inc.*
**Case No. 3:25-CV-02115-JES SBC**

At the time of service, I was over 18 years of age, and not a party to this action.

I am a resident of San Diego County and my address is 1600 E. Vista Way #85, Vista, CA 92084.

On December 16, 2025, I served true and correct copies of the following document[s] described as  on the interested parties in this action as follows:

- **PLAINTIFF ROY TUCK'S REPLY IN SUPPORT OF MOTION FOR LIMITED DISCOVERY REGARDING ARBITRATION AGREEMENT FORMATION;**

- **Exhibit A - Limited Discovery Requests**

- **Exhibit B - (Optional) Hearing Outline**

- **Declaration of Roy Tuck**

- **JUDGES PROPOSED ORDER GRANTING PLAINTIFF'S MOTION FOR LIMITED DISCOVERY REGARDING ARBITRATION AGREEMENT FORMATION**

SERVICE LIST:

| | |
|---|---|
| Daniel J. Taylor (State Bar No. 241404)<br>MUSICK, PEELER & GARRETT LLP<br>333 South Hope Street, Suite 2900<br>Los Angeles, CA 90071-3048<br>Ph: [213] 629-7600<br>Fax [213] 624-1376<br>d.taylor@musicpeeler.com | Attorney for Defendant Yelp, Inc. |
| Giorgio A. Sassine (State Bar No. 324639)<br>MUSICK, PEELER & GARRETT LLP<br>333 South Hope Street, Suite 2900<br>Los Angeles, CA 90071-3048<br>Ph: [213] 629-7600<br>Fax [213] 624-1376<br>g.sassine@musicpeeler.com | Attorney for Defendant Yelp, Inc |

X   **BY MAIL:** I enclosed the document[s] in a sealed envelope or package addressed to the persons at the addresses listed in the above Service List and placed the envelope for collection and mailing, following ordinary mailing practices, I am familiar with the process of mailing in Court documents and the envelope was placed in the US mail in Vista, CA sealed postage pre-paid and I am a resident of San Diego County.

☐   **BY CM/ECF NOTICE OF ELECTRONIC FILING:** N/A

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am a California registered voter and resident.

Executed on December 16th 2025, at San Diego, California.

*/s/ Deborah Tuck/*
DEBORAH TUCK